AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Fort Smith Division

| | |
|---|---|
| United States of America<br>v.<br>Kyla Nicole Forbes and<br>Malcolm Dewayne Alexander<br>*Defendant* | Case No. 2:21-mj-2002-<br>001 and 002 |

## CRIMINAL COMPLAINT

I, the Complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 13, 2021 in the county of Crawford, in the Western District of Arkansas, the Defendants, Kyla Nicole Forbes and Malcolm Dewayne Alexander, violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii) & 846 | Conspiracy to possess with intent to distribute a Schedule II controlled substance |

This criminal complaint is based on these facts:

■ Continued on the attached sheet.

ANDREW CHRONISTER
Digitally signed by ANDREW CHRONISTER
Date: 2021.03.16 11:03:56 -05'00'

*Complainant's Signature*

Andrew Chronister, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/16/21

*Judge's signature*

City and State: Fort Smith, Arkansas      Honorable Mark E. Ford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Being duly sworn, I, Andrew Chronister, do here by depose and state:

Your Affiant is employed with the Drug Enforcement Administration (DEA), and has been employed in this capacity since April 2018. I am currently assigned as a Special Agent to the Fort Smith Post of Duty Office in Fort Smith, Arkansas. Before being employed with the DEA, I was employed by the Kansas City, Kansas Police Department from December 2012 to April of 2018.

During my employment with the DEA and Kansas City, Kansas Police Department, I have had formal training and experience in the investigation of controlled substances and I am familiar with the manner in which controlled substances, including but not limited to, marijuana, cocaine, methamphetamine, are packaged, distributed, consumed and identified. I have participated in the execution of numerous arrests and search warrants for violations involving such substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substances slang and jargon, and I am familiar with the manners and techniques of traffickers who distribute controlled substances. I have also received training from experienced DEA Special Agents and other narcotics officers in the investigation of major drug traffickers.

The statements contained in this Affidavit are based on investigative efforts of this Affiant, other law enforcement officials, and on my experience and background as a Special Agent with the DEA and as an Officer with the Kansas City, Kansas Police Department. This Affidavit is being submitted for the limited purpose to establish probable cause for the arrest of Kyla Nicole FORBES and Malcolm Dewayne ALEXANDER, for Conspiracy to Possess Methamphetamine, a Schedule II Controlled Substance, with the Intent to Distribute in violation of Title 21, United State Code Sections 841(a)(1), 841(b)(1)(A)(viii) and 846, in the Western District of Arkansas, therefor I have not included each and every fact known to me concerning this investigation.

1. On March 13, 2021 at approximately 9:00 a.m., Arkansas State Police Trooper Christopher Short conducted a traffic stop on a white Hyundai Accent (Minnesota tag XXXXXX) for making an unsafe lane change in front of a pickup truck, causing it to have to apply its breaks, and following too closely to tractor trailer. The traffic stop occurred on westbound Interstate 40 near the 13 mile marker in Crawford County in the Western District of Arkansas. The driver was later identified as Kyla Nicole FORBES (W/F XX/XX/XXXX) and front seat passenger Malcolm Dewayne ALEXANDER (B/M XX/XX/XXXX). ASP Trooper Short is a trained interdiction Trooper. Trooper Short noticed that both parties were extremely nervous. Trooper Short asked for consent to search of the vehicle and FORBES denied consent. Trooper Short then requested for Trooper Jose Elmore and his K9 partner. While waiting, FORBES admitted to being on federal probation and that she was not supposed to leave the state (Iowa). FORBES also admitted to having a meth pipe in her purse.

2. At approximately 9:20 am, Trooper Elmore arrived on scene. Trooper Elmore utilized his K9 partner Bo to conduct a sniff of the air around the vehicle. Bo alerted to the presence of narcotics being in the vehicle. During a search of the vehicle 10 bundles of methamphetamine weighing a total of 6.3 kilograms were located inside a black duffle bag that was placed in the trunk. Also located inside the vehicle was a glass pipe used to smoke meth in FORBES purse and an open syringe in the center console.

3. At approximately 10:50 a.m., SA Andrew Chronister and TFO Eric Pippin conducted an audio recorded post Miranda interview of Kyla Nicole FORBES. During this post Miranda interview, FORBES admitted to driving ALEXANDER to Greenville, MS on March 12, 2021. Once they arrived in Greenville, FORBES advised they drove to a hotel. FORBES

stated that ALEXANDER gave her the money for the hotel room and she rented the room in her name at Executive Inn Motel (233 US-82, Greenville, MS 38701). ALEXANDER left FORBES at the hotel and retuned a few hours later. At which time, they left Greenville in route to the Des Moines, IA area. FORBES advised that she was getting paid $1000 by ALEXANDER to drive him to Greenville, MS and back. FORBES also stated that she knew ALEXANDER was a "drug dealer" as he had sold her Methamphetamine in the past and would also sell cocaine and Ecstasy.

4. On March 14, 2021 at approximately 2:00 p.m., SA Chronister and TFO Pippin conducted an audio/video recorded post Miranda interview of Malcolm Dewayne ALEXANDER. During the interview, ALEXANDER stated that he helped FORBES make the connection to purchase the methamphetamine in Greenville, MS. When asked how much methamphetamine, ALEXANDER stated that the report says 10 pounds and would not give an amount other than that. ALEXANDER was also asked if any money was exchanged for the methamphetamine and he advised there was not. ALEXANDER stated that a price for the methamphetamine was not agreed upon and it was just given to them without being given a price. ALEXANDER however did advise that he paid $22,000 on his debt of $25,000 before he was able to obtain the methamphetamine but his debt didn't have anything to do with the purchase of the methamphetamine he was stopped with on March 13, 2021.

5. Based upon the above and my training and experience, Affiant believes there is probable cause to believe Kyla Nicole FORBES and Malcolm Dewayne ALEXANDER conspired with others to Possess Methamphetamine, a Schedule II Controlled Substance, with the

Intent to Distribute in violation of Title 21, United State Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846, in the Western District of Arkansas.

DATED this __16th__ day of March, 2021.

                                             ANDREW CHRONISTER
                                             Digitally signed by ANDREW CHRONISTER
                                             Date: 2021.03.16 11:06:40 -05'00'

                                       Andrew Chronister
                                       DEA Special Agent

Affidavit subscribed and sworn to before me this __16__ day of March, 2021.

                                       *[signature]*
                                       Honorable Mark E. Ford
                                       United States Magistrate Judge